968 F.2d 22
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rawshall L. WHITE, Petitioner-Appellant,
v.
R. Michael CODY, Warden, Respondent-Appellee.
 No. 92-5015.
 United States Court of Appeals, Tenth Circuit.
 June 23, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. White, a state inmate, appeals the decision of the district court which denied him habeas corpus relief. We affirm.
 
 
 3
 Mr. White was convicted of first degree murder under Oklahoma law and sentenced to life imprisonment. The conviction was affirmed on appeal by the Oklahoma Court of Criminal Appeals. Mr. White unsuccessfully pursued state postconviction relief.
 
 
 4
 This is Mr. White's second federal habeas corpus proceeding. In his first habeas corpus petition Mr. White alleged: (1) he was allowed only five peremptory challenges rather than the nine Oklahoma law allows; (2) no Blacks were included in the jury panel; and (3) ineffective assistance of counsel. The district court found against Mr. White and denied relief. This decision was not appealed.
 
 
 5
 In this, his second federal pro se habeas corpus petition, Mr. White alleges: (1) "[M]isapplication of statute regarding peremptory challenges" ("trial court only allowed 9"); and (2) "Inaccurate jury instructions/juror misconduct" (Mr. White argues the Oklahoma Court of Criminal Appeals determined errors were made but these errors were harmless. Consequently Mr. White restates his issue as "incorrect application of the harmless error doctrine.").
 
 
 6
 The district court held Mr. White's first claim had been adjudicated and refused to review Mr. White's second claim as Mr. White failed to show cause as to why he did not raise the claim in his first habeas corpus action. The district court also noted Mr. White had made no claim or showing of factual innocence. The district court thereupon concluded this second petition for federal habeas corpus relief constituted an abuse of the writ and dismissed.
 
 
 7
 In his pro se appeal Mr. White reargues his position concerning the number of preemptory challenges permitted under Oklahoma law. He also argues, among other things, that in response to a jury inquiry about the length of time one must serve before being eligible for parole the court erred by responding the issue was outside the scope of the jury's inquiry.
 
 
 8
 Mr. White misperceives the law. The district court refused to review Mr. White's claimed errors because: (1) this was Mr. White's second federal habeas corpus action; (2) he failed to present some valid reason extraneous to the defense showing why he failed to raise the second issue in his first petition or, alternatively, make a colorable showing of factual innocence; and (3) the court could not review the first issue when the federal courts had already adjudicated the matter.
 
 
 9
 Under the law, a state inmate generally is entitled to have his federal constitutional claims reviewed once in the federal court system. The second federal habeas corpus petition must show some good reason (and ignorance of the law is not a good reason) extraneous to the defense explaining why the issue was not raised in the first federal habeas corpus proceeding and the prejudice resulting therefrom. Even such an explanation might not suffice in a subsequent action unless the petitioner also shows facts supporting a claim of innocence. The lesson to pro se habeas corpus filers is make your first habeas corpus petition the best possible. Courts have only limited powers to review a second petition. Simply putting forth a new legal theory on the second petition is usually not sufficient to justify review.
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3